United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. MARINI,<br>      Plaintiff,<br><br>   v.<br><br>SAMUEL CABOT INCORPORATED EMPLOYEES' STOCK OWNERSHIP PLAN, formerly known as SAMUEL CABOT INCORPORATED EMPLOYEES' STOCK OWNERSHIP AND SAVINGS PLAN; SAMUEL CABOT INCORPORATED, a Massachusetts corporation, as sponsor and as administrator of the Samuel Cabot Incorporated Employees' Stock Ownership Plan; SAMUEL CABOT III, individually and as former trustee of the Samuel Cabot Incorporated Employees' Stock Ownership Plan; WILLIAM F. McGONIGLE, JR., individually and as trustee of the Samuel Cabot Incorporated Employees' Stock Ownership Plan; THE VALSPAR CORPORATION, a Delaware corporation, as administrator of the Samuel Cabot Incorporated Employees' Stock Ownership Plan; CHRISTOPHER CABOT, individually and as fiduciary of the Samuel Cabot Incorporated Employees' Stock Ownership Plan; SULLIVAN & WORCESTER LLP, a limited liability partnership,<br><br>      Defendants.<br>_____/ | No. C 06-5491 CW<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS OR TRANSFER |

Defendants move for dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In the alternative, Defendants move under 28 U.S.C. § 1404(a) to transfer the action to the District of Massachusetts, where Defendants previously filed a related action against Plaintiff. Plaintiff opposes the motion. Having considered the parties' papers, the Court denies without prejudice Defendants' motion to dismiss or transfer the action.

The well-established first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the court of the jurisdiction of the first-filed action by either dismissing, staying, or transferring the later-filed suit." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002).

It is undisputed that Defendants filed their original complaint in the Massachusetts district court on August 16, 2006, three weeks before Marini filed his complaint in this Court. It is also undisputed that the Massachusetts action and this action involve the same parties and the same subject matter, the sale of Marini's stock upon his retirement from the Company.[1]

Marini argues that the first-to-file rule does not apply to this case because he alleges "Defendants have demonstrated bad

---

[1] Defendants argue, and Marini does not dispute, that the additional claims that Marini brings in this Court either relate to the actual sale of his stock or to the suit in the Massachusetts district court.

2

1  faith by imposing unnecessary additional costs on Marini.  They
2  have filed an anticipatory suit.  And they have maneuvered in hopes
3  of avoiding this forum."  Opposition at 15.  Defendants counter
4  that, in addition to the first-to-file rule, all of the factors
5  underlying the decision to transfer a case under 28 U.S.C.
6  § 1404(a) warrant transfer of the case to Massachusetts.

7       Even if the first-to-file rule should not be applied in this
8  case because the first-filed suit was anticipatory and filed in bad
9  faith for forum-shopping purposes, those arguments should be
10 addressed to the court in the first-filed action.  <u>Alltrade Inc. v.</u>
11 <u>Uniweld Products, Inc.</u>, 946 F.2d 622, 628 (9th Cir. 1991);
12 <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 96 (9th Cir.
13 1982).  Therefore, the Court defers to the Massachusetts district
14 court to decide the appropriate forum. Because Marini has already
15 filed a motion to transfer the Massachusetts action, this Court
16 DENIES without prejudice Defendants' motion (Docket No. 4), pending
17 the Massachusetts district court's ruling on Marini's motion to
18 transfer.[2]

19      The parties are instructed to notify the Court promptly upon
20 entry of an order in the pending action in the Massachusetts
21 district court.  If the Massachusetts district court grants
22 Marini's motion to transfer the first-filed action, the actions
23 will be related and consolidated and Defendants may renotice their
24 motion to dismiss if there remain grounds to do so.  If the
25 Massachusetts district court denies Marini's motion to transfer,

---

[2] The Court GRANTS Defendants' request for judicial notice (Docket No. 8).

3

1  Defendants may renotice their motion to dismiss and the Court will
2  either dismiss this action, stay it, or transfer it to the
3  Massachusetts district court.

    IT IS SO ORDERED.

Dated: 10/31/06



CLAUDIA WILKEN
United States District Judge

4